IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

MANUELA PIRVU,

    Plaintiff,

v.

CHARMAINE HAMMONDS,

    Defendant.

CIVIL ACTION FILE NO.

1:16-CV-03095-WSD-JFK

## **FINAL REPORT AND RECOMMENDATION**

The above-styled case is before the undersigned on Defendant Charmaine Hammonds' second application to proceed *in forma pauperis*.[1] [Doc. 1]. The court, for the purpose of remand, **GRANTS** Defendant's motion. The court has the responsibility "to review Defendant's notice of removal to determine whether it meets the requirements of the statute." Alabama v. Baker, 222 F. Supp. 2d 1296, 1297-98

---

[1] On July 12, 2016, Defendant filed a notice of removal of a dispossessory proceeding brought by Plaintiff Manuela Pirvu in Gwinnett County Magistrate Court for Defendant's failure to pay rent on the same residence. See Pirvu v. Hammonds, 1:16-cv-2516-WSD. On July 14, 2016, the undersigned issued a report and recommendation finding that the court lacked subject matter jurisdiction and recommending that the case be remanded to the Magistrate Court. Id., Doc. 3. On August 1, 2016, the unopposed report and recommendation was submitted to the District Judge.

(M.D. Ala. 2002). "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction," 28 U.S.C. § 1447(c) (amended 2011) requires that "the case shall be remanded." Upon making this review, for a second time, the court finds that it does not and recommends remand.

## I.   Background Facts

Plaintiff Manuela Pirvu, the apparent owner of the real property commonly known as 5619 Estates Court, Norcross, Georgia 30093, filed a second dispossessory affidavit in the Magistrate Court of Gwinnett County, Georgia, on or about August 5, 2016, against Defendant Charmaine Hammonds for failure to pay rent which is now past due. [Doc. 1-1 at 10 ("Dispossessory Proceeding")]. On August 23, 2016, Defendant filed a second petition for removal. [Doc. 1-1 at 1-8 ("Removal")]. Plaintiff simply repeats the arguments that she made in the first notice of removal filed on July 12, 2016, and which were rejected by the court. Pirvu, 1:16-cv-2516, Doc. 1-1. She fares no better this time.

## II.   Discussion

Twenty-eight U.S.C. § 1441(a) provides that "any action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States

2

for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a).  However, "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c).  See also Arbaugh v. Y & H Corp., 126 S. Ct. 1235, 1244 (2006) (all federal courts "have an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party").  "[I]n removal cases, the burden is on the party who sought removal to demonstrate that federal jurisdiction exists."  Kirkland v. Midland Mortg. Co., 243 F.3d 1277, 1281 n.5 (11th Cir. 2001).  "[U]ncertainties are resolved in favor of remand."  Burns v. Windsor Ins. Co., 31 F.3d 1092, 1095 (11th Cir. 1994).

As in the prior case, Defendant bases her petition for removal of Plaintiff's dispossessory petition on the court's federal question jurisdiction. [Removal]. "The presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint. . . . The rule makes the plaintiff the master of the claim; he or she may avoid federal jurisdiction by exclusive reliance on state law." Caterpillar, Inc. v. Williams, 107 S. Ct. 2425, 2429 (1987) (citations omitted).  Potential defenses involving the

3

Constitution or laws of the United States are ignored. <u>Beneficial Nat'l Bank v. Anderson</u>, 123 S. Ct. 2058, 2062 (2003).

In the present case, Plaintiff again relied exclusively on state law when she filed a dispossessory action in the Magistrate Court of Gwinnett County. [Dispossessory Proceeding]. A dispossessory action is brought pursuant to O.C.G.A. § 44-7-50. <u>See Citimortgage, Inc. v. Dhinoja</u>, 705 F. Supp. 2d 1378, 1381 (N.D. Ga. 2010); <u>Ikomoni v. Executive Asset Management, LLC</u>, 309 Ga. App. 81, 84, 709 S.E.2d 282, 286 (March 16, 2011) ("'The *exclusive* method whereby a landlord may evict a tenant is through a properly instituted dispossessory action filed pursuant to OCGA § 44-7-50 *et seq*.'") (citation omitted) (emphasis added). Defendant alleges that removal is proper on the basis of federal question jurisdiction, and in the Petition for Removal, she claims that Plaintiff violated numerous provisions of the U.S. Constitution and various federal statutes. [Removal]. Contrary to Defendant's argument, and as already explained to Plaintiff, her right to relief does not depend on resolution of a substantial question of federal law but, only, as noted, on the application of state law pursuant to O.C.G.A. § 44-7-50. No federal question is presented on the face of Plaintiff's well-pleaded complaint, and the only federal issues raised are in Defendant's defenses to the dispossessory proceeding. [Dispossessory Proceeding]. There is also no evidence

which warrants the application of an exception to the well-pleaded complaint rule, such as the doctrine of complete preemption.  <u>Caterpillar</u>, 107 S. Ct. at 2430.

Furthermore, Defendant does not assert, and there is no evidence, that she could establish jurisdiction based on diversity.  To do so, Defendant would have to show that there is complete diversity of citizenship between Defendant and Plaintiff and that the amount in controversy exceeds $75,000.00.  <u>See</u> 28 U.S.C. § 1332(a)(1).  There is no evidence of diversity of citizenship.  As to damages, Plaintiff's dispossessory warrant seeks the ejectment of Defendant from the property due to failure to pay past due rent which is not alleged to meet the amount in controversy threshold.  [Dispossessory Proceeding].  Again, the court looks to Plaintiff's claim to determine whether removal jurisdiction is appropriate.  <u>See</u> <u>Burns</u>, 31 F.3d at 1095; <u>Novastar</u>, 173 F. Supp. 2d at 1361.  The face of the complaint, which only seeks $2,510.00 in past due rent and less than $1,000.00 in other costs and fees, does not show that the amount in controversy exceeds the $75,000.00 required for the court to have diversity jurisdiction as a basis for removal.

For these reasons, as in the prior case, the court finds that federal jurisdiction does not exist and that this action should be remanded pursuant to 28 U.S.C. § 1447(c).

5

### III. Conclusion

Accordingly, because Defendant failed to demonstrate any lawful basis for removal of this action to this court, **IT IS RECOMMENDED** that this action be **REMANDED** to the Magistrate Court of Gwinnett County where it was last pending.

The Clerk is **DIRECTED** to terminate the reference of this action to the undersigned.

**SO RECOMMENDED**, this 25th day of August, 2016.

_____
JANET F. KING
UNITED STATES MAGISTRATE JUDGE