**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | |
|---|---|
| **MANUELA PIRVU,** | |
| **Plaintiff,** | |
| **v.** | **1:16-cv-3095-WSD** |
| **CHARMAINE HAMMONDS,** | |
| **Defendant.** | |

### <u>OPINION AND ORDER</u>

This matter is before the Court on Magistrate Judge Janet F. King's Final Report and Recommendation [4] ("R&R"), recommending that this action be remanded to the Magistrate Court of Gwinnett County.

On August 23, 2016, Defendant Charmaine Hammonds ("Defendant") filed her Application for Leave to Proceed *In Forma Pauperis* [1] and her Notice of Removal [1.1].  Defendant seeks removal of a dispossessory action brought by Plaintiff Manuela Pirvu ("Plaintiff") in the Magistrate Court of Gwinnett County, Georgia.[1]

---

[1]     On July 12, 2016, Defendant sought to remove an almost-identical dispossessory proceeding brought by Plaintiff in Gwinnett County Magistrate Court for Defendant's failure to pay rent on the same residence at issue here.  <u>See Pirvu v. Hammonds</u>, 1:16-cv-2516-WSD.  On August 25, 2016, the Court found

On August 25, 2016, the Magistrate Judge issued her R&R, finding that the Court lacks subject matter jurisdiction over this case, and recommending that this action be remanded to the Magistrate Court of Gwinnett County.  Plaintiff has not filed objections to the R&R, and the Court thus reviews it for plain error.  See United States v. Slay, 714 F.2d 1093, 1095 (11th Cir. 1983).

The Magistrate Judge found that Plaintiff's Complaint does not assert a federal claim, and that removal based on federal question jurisdiction is thus improper.  That Defendant asserts defenses or counterclaims, based on federal law, does not confer federal subject-matter jurisdiction over this action.  See Beneficial Nat'l Bank v. Anderson, 539 U.S. 1, 6 (2003); Holmes Group, Inc. v. Vornado Air Circulation Sys., Inc., 535 U.S. 826, 830-32 (2002).

The Magistrate Judge also found that Defendant does not establish diversity jurisdiction because she does not assert that the parties are diverse and cannot meet the amount-in-controversy requirement.  The Magistrate Judge concluded that the Court lacks subject matter jurisdiction over this state dispossessory proceeding, and recommends remanding this action to the Magistrate Court of Gwinnett

---

that it lacked subject matter jurisdiction over the case and remanded the action to the Magistrate Court.

County.  The Court finds no plain error in these findings and recommendation, and this action is remanded.  See Slay, 714 F.2d at 1095.

For the foregoing reasons,

**IT IS HEREBY ORDERED** that Magistrate Judge Janet F. King's Final Report and Recommendation [4] is **ADOPTED**.

**IT IS FURTHER ORDERED** that this action is **REMANDED** to the Magistrate Court of Gwinnett County.

**SO ORDERED** this 3rd day of October, 2016.

WILLIAM S. DUFFEY, JR.
UNITED STATES DISTRICT JUDGE